IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MORRISS, | No. 06-2471 MJJ |
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL; SCHEDULING ORDER** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Before the Court is Defendants California Department of Corrections, Officer Ronald Jacobs ("Officer Jacobs"), Warden Joe McGrath ("Warden McGrath"), Sergeant Webster, Officer J. Baugh ("Officer Baugh"), Officer Rufus Reeder ("Officer Reeder"), and Officer Fletcher's (collectively "Defendants") Notice of Motion and Motion that the Court Screen Plaintiff's Complaint Under 28 U.S.C. § 1915a and Waiver of Reply Under 42 U.S.C. § 1997e(g).[1] On March 11, 2004, Plaintiff Shane Morriss ("Plaintiff"), an inmate at Mule Creek State Prison,[2] filed this civil rights complaint against Defendants pursuant to state tort law claims and 42 U.S.C. § 1983 for violations of his Eighth Amendment and Fourteenth Amendment rights in the Superior Court of California, County of Del Norte. On April 7, 2006, Defendants removed the action to this Court pursuant to 28 U.S.C. §

---

[1] Docket No. 2, Filed April 7, 2006.

[2] Plaintiff was a prisoner at Pelican Bay State Prison at the time of the alleged incidents and transferred to Mule Creek State Prison on October 20, 2003.

1441(b).[3]

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Stewart v. Lyles*, 66 Fed. Appx. 18, 21 (7th Cir. 2003). A court must accept as true the allegations on the complaint and construe them in a light most favorable to the plaintiff. *Stewart*, 66 Fed. Appx. at 21; *see also Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1134, 1137 (N.D. Cal. 2000).

**B.  Legal Claims**

Plaintiff alleges that while he was housed at Pelican Bay State Prison, one of the prison guards, Officer Jacobs, subjected him to excessive force. Plaintiff alleges that Officer Jacobs "punch[ed], hit and push[ed], wrestled with, and otherwise assaulted and battered Plaintiff." (Complaint ¶ 10.) In addition, Plaintiff alleges that Officers Reeder, Baugh, and Fletcher "aided and assisted" and "were negligent and careless in assisting Defendant Jacobs in performing his duties. . . and in failing to protect Plaintiff." (*Id*. ¶¶ 15, 19.) Plaintiff further alleges that Sergeant Webster and Warden McGrath were "negligent and careless in supervising and training Defendants Jacobs, Reeder, Baugh and Fletcher." (*Id*. ¶¶ 20-21.) Plaintiff also alleges that Warden McGrath was negligent in hiring Officer Jacobs. (*Id*. ¶ 21.) Thereafter, Plaintiff claims he filed a notice of tort claim with the State of California, Board of Control, Government Claims Division, concerning Defendants' alleged acts.

---

[3]Docket No. 1, Filed July 31, 2006.

2

1  Based on the above allegations, Plaintiff sets fourth four causes of action in the Complaint.
2  The first cause of action alleges intentional torts against Officers Jacobs, Reeder, Baugh, Fletcher.
3  The second cause of action alleges negligence against Officers Jacobs, Reeder, Baugh, Fletcher,
4  Sergeant Webster, and Warden McGrath. The third cause of action alleges a violation of the Eighth
5  Amendment, pursuant to 42 U.S.C. § 1983, against all Defendants. The fourth cause of action
6  alleges a violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, against all
7  Defendants.

**1.   First and Second Causes of Action - Intentional Tort and Negligence**

In the first cause of action, Plaintiff alleges acts amounting to the state law intentional torts of assault and battery against Officers Jacobs, Reeder, Baugh, and Fletcher. *See* Cal. Civ. Code § 43; *Barbara A. v, John G.*, 145 Cal. App. 3d 369, 375 (Cal. Ct. App. 1983) (finding a state common law cause of action for battery); 5 Witkin Sum. Cal. Law, Torts § 381 (describing assault tort claim recognized under California common law). Plaintiff's second cause of action alleges negligence against Officers Jacobs, Reeder, Baugh, Fletcher, Sergeant Webster, and Warden McGrath. *See* Cal. Civ. Code § 1714. For the following reasons, the Court finds that there is supplemental jurisdiction regarding the state law claims. Additionally, the Court finds that only the California Department of Corrections properly asserts immunity from suit in the instant action.

**a.   Supplemental Jurisdiction**

District courts have the discretion to determine whether to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c). Supplemental "jurisdiction exists where there is a sufficiently substantial federal claim to confer federal jurisdiction, and a common nucleus of operative fact between the state and federal claims." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) (citing *Phelps v. Continental Illinois Nat'l Bank and Trust Co. (In re Nucorp Energy Sec. Litig.)*, 772 F.2d 1486, 1490 (9th Cir. 1985)). In order for a federal claim to be labeled "insubstantial," it must be "absolutely devoid of merit or obviously frivolous." *Id.*

Here, the Court has the power to exercise supplemental jurisdiction over Plaintiff's state common law tort claims pursuant to 28 U.S.C. § 1367. In this case, all state law and federal law claims in the complaint relate to the same alleged excessive force incident that occurred on or about

3

April 26, 2003. Thus, the federal § 1983 claims and state common law tort claims in this case stem out of the same "common nucleus of operative fact." *See Gilder*, 936 F.2d at 421. Likewise, federal § 1983 claims are not generally considered frivolous or insubstantial. *See id.* The Court is able to exercise supplemental jurisdiction under § 1367 here because there is a common nucleus of operative facts between the state and federal claims and the federal claims are substantial. *See id.*

### b. Immunity

Section 1915A reads, in pertinent part, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint. . . (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b). Therefore, the next issue is whether Defendants are immune from Plaintiff's suit.

The Eleventh Amendment bars the federal courts from having jurisdiction in suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 676-77 (1974). This Eleventh Amendment immunity also extends to suits against a state agency. *Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not persons within meaning of Civil Rights Act); *Bennett v. California*, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and California Department of Corrections not persons within meaning of Civil Rights Act), *cert. denied*, 394 U.S. 966 (1969).[4]

The Eleventh Amendment immunity defense also extends to public officials sued in their *official* capacity. *Ashker v. California Dept. of Corrections, et al.*, 112 F.3d 392, 394 (9th Cir. 1997). However, the Ninth Circuit has determined that the Eleventh Amendment would not bar suit of a public official in his *personal* or *individual* capacity. *Id.* at 394-94 (citing *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992)). In contrast to a suit against a state official in his official capacity, which is no different than a suit against the state itself, personal capacity suits seek to impose individual

---

[4] However, a putative state entity claiming Eleventh Amendment immunity must affirmatively raise it as a defense and bear the burden of persuasion. *See ITSI TV Productions, Inc. v. Agricultural Assocs.*, 3 F.3d 1289, 1291-92 (9th Cir. 1993). In general, however, the applicability of Eleventh Amendment immunity will occasion serious dispute only where a relatively complex institutional arrangement makes it unclear whether a given entity ought to be treated as an arm of the state. *See id.* at 1292.

4

liability upon a government officer for actions taken under color of state law and, therefore, are not barred on immunity grounds. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

California Government Code § 844.6 provides, with exceptions, that "a public entity is not liable for. . . (2) An injury to any prisoner." However, the Ninth Circuit has held that this California indemnification provision does not grant immunity to California public officials sued in their personal capacity. *Ashker*, 112 F.3d at 395. Thus, § 844.6 does not bar a federal court with jurisdiction over a state tort law suit brought against a public official in his personal capacity on immunity grounds. *Id.*

Here, the immunity issue does not compel the Court to dismiss Plaintiff's claims against the individual Defendants at this preliminary stage. It is not readily apparent from the complaint whether Plaintiff is suing the prison officers in their personal or official capacity. *See Hafer v. Malo*, 502 U.S. 21, 116 (1991); *Ashker*, 112 F.3d at 395 (determining whether a public official was sued in his personal or official capacity was not obvious; court must consider surrounding circumstances). Without more facts, it is not clear from the complaint whether Officer Jacobs, who perpetrated the alleged beating, those who aided Officer Jacobs, and those who were negligent in supervising Officer Jacobs acted in their official or personal capacities. Accepting these allegations as true and in a light most favorable to Plaintiff, this Court must infer that Plaintiff is suing Defendants in their personal capacity. Therefore, Plaintiff's complaint is not subject to dismissal on the basis of immunity as to Officers Jacobs, Reeder, Baugh, Fletcher, Sergeant Webster, and Warden McGrath.

As for the California Department of Corrections, the Ninth Circuit has held that a putative state entity claiming Eleventh Amendment immunity must affirmatively raise this as a defense and bear the burden of persuasion. *See ITSI TV Productions, Inc. v. Agricultural Assocs.*, 3 F.3d 1289, 1291-92 (9th Cir. 1993). Therefore, any cause of action against this entity could not be dismissed from the case through a § 1915A screening because the state entity must affirmatively raise this matter in Court. However, Plaintiff fails to assert any claim directly against the California Department of Corrections in the body of the complaint. Therefore, Plaintiff fails to "set forth specific facts as to each individual defendant's" role. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (internal citations omitted). As a result, the Court DISMISSES Plaintiff's claims against

5

the California Department of Corrections.

### c. Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Stewart v. Lyles*, 66 Fed. Appx. 18, 21 (7th Cir. 2003). In California, a cause of action for battery requires proof of "[A]n uncontested invasion of her interest in freedom from intentional, unlawful, and harmful or offensive contract with her person." *Barbara A. v, John G.*, 145 Cal. App. 3d 369, 375 (Cal. Ct. App. 1983). In California, a cause of action for assault requires proof of "an unlawful attempt, coupled with a present ability to, to commit a violent injury upon the person of another." 5 Witkin Sum. Cal. Law, Torts § 381. In California, "Everyone is responsible. . . for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person. . ." Cal. Civ. Code § 1714.

Assuming that Plaintiff's allegations are true, they would support a cause of action against Defendants for assault, battery, and negligence. *See Barbara A.*, 145 Cal. App. 3d at 375; 5 Witkin Sum. Cal. Law, Torts § 381; Cal. Civ. Code § 1714. Plaintiff alleges that Officer Jacobs "punch[ed], hit and push[ed], wrestled with, and otherwise assaulted and battered Plaintiff." Plaintiff also claims that other Defendants either aided Officer Jacobs in this beating or were negligent in supervising Officer Jacobs. Based on these allegations, in cannot be said "beyond doubt" that Plaintiff would be unable to prove a set of facts in support of the claims that would entitle Plaintiff to relief. *See Conley*, 355 U.S. at 45-46; *Stewart*, 66 Fed. Appx. at 21. Therefore, the Court does not have sufficient cause to dismiss these claims pursuant to 28 U.S.C. § 1915A.

**2. Third and Fourth Causes of Action - Eighth and Fourteent**

**h Amendments**

Plaintiff's third and fourth causes of action allege violations of the Eighth Amendment and Fourteenth Amendment respectively, pursuant to 42 U.S.C. § 1983, against Defendants.

### a. Immunity

Relying in part on the Eleventh Amendment immunity discussed above, the Supreme Court has held that neither a state nor its officials acting in their official capacities are "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). When a public official asserts a qualified immunity defense from liability in a 42 U.S.C. § 1983 case, it is the district court's duty to determine whether the official objectively could have believed that his conduct was lawful in light of clearly established principles governing that type of conduct. *Act up!/ Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993) (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). The Ninth Circuit set forth a two-part analysis to apply this standard: "1) Was the law governing the official's conduct clearly established? 2) Under that law, could a reasonable officer have believed the conduct was lawful?" *Id.*

The questions raised in the two-part analysis are still at issue in this case. *See id.* In a light most favorable to Plaintiff, Defendants' use of excessive force could have violated clearly established law. *See id.* Also, it could be argued that no reasonable officer would have believed that beating a prisoner in this manner was lawful. As such, based purely off of the allegations on the complaint, it is conceivable that Defendants were sued in their personal capacity as opposed to their official capacity. *See id.* Therefore, Plaintiff alleges a cognizable claim not subject to dismissal on immunity grounds. *See id.*

### b. Failure to State a Claim under § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).

7

1 In delineating a § 1983 claim, a plaintiff must "set forth specific facts as to each individual 2 defendant's" role in actually and proximately causing the deprivation of a federally protected right. 3 *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (internal citations omitted).  The Ninth 4 Circuit has found that a "supervisor is only liable for Constitutional violations of his subordinates if 5 the supervisor participated in or directed the violations, or knew of the violations and failed to act to 6 prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

7 A prisoner's treatment in prison and the conditions under which he is confined are subject to 8 scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After 9 incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual 10 punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) 11 (ellipsis in original) (internal quotation and citation omitted).  A prison official violates the Eighth 12 Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, 13 sufficiently serious and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the 14 offending conduct was wanton. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v.* 15 *Seiter*, 501 U.S. 294, 298 (1991)).

16 As a threshold matter, under the Fourteenth Amendment, "to establish a substantive due 17 process claim a plaintiff must show government deprivation of life, liberty or property." *Squaw* 18 *Valley Development Co. v. Goldberg*, 375 F.3d 936, 948 (9th Cir. 2004) (internal citations omitted). 19 The Fourteenth Amendment protects against a State's interference with an individual's "bodily 20 integrity." *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996).  While protections under the 21 Fourteenth Amendment are similar to that of the Eighth Amendment, they are not the same in all 22 instances. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 n.9 (9th Cir. 2002).

23 In a light most favorable to the Plaintiff, the allegations against Officers Jacobs, Reeder, 24 Baugh, and Fletcher state a cognizable claim for the use of excessive force against Plaintiff.  Here, if 25 true, the alleged excessive force is objectively and sufficiently serious and Plaintiff's allegations are 26 sufficient to support an inference of wanton behavior on the part of Defendants. *See Farmer*, 511

U.S. at 834.[5] Also, the complaint could sustain a claim for a deprivation of Plaintiff's liberty and "bodily integrity." *See Squaw Valley Development Co.*, 375 F.3d at 948; *see also Armendariz v. Penman*, 75 F.3d at 1319. Thus, in regard to Officers Jacobs, Reeder, Baugh, and Fletcher, Plaintiff does state a cognizable claim for violations of the Eighth and Fourteenth Amendments, pursuant to § 1983.

With regard to Sergeant Webster and Warden McGrath, Plaintiff fails to sufficiently allege any personal participation in the exercise of excessive force. *See Taylor*, 880 F.2d at 1045. Plaintiff simply alleges that Sergeant Webster and Warden McGrath were negligent in their supervision of the officers. Plaintiff does not allege that these Defendants actually participated in the alleged excessive force. Additionally, with regard to Warden McGrath, Plaintiff alleges that he was "negligent and careless in employing Officer Jacobs when he know [sic], or should have known, that Officer Jacobs had a severe problem with alcohol." (Compl. ¶ 21.) However, this allegation is not enough to sustain a Eighth Amendment or Fourteenth Amendment claim against Warden McGrath. *See Taylor*, 880 F.2d at 1045; *see also Farmer*, 511 U.S. 825 at 834.

As such, the Court **DISMISSES** the third and fourth causes of action against Sergeant Webster, Warden McGrath, and the California Department of Corrections.

## CONCLUSION

1. The Court **DISMISSES** the third and fourth causes of action against Officers Sergeant Webster, and Warden McGrath pursuant to 28 U.S.C. § 1915A.

2. The Court **DISMISSES** all claims against the California Department of Corrections pursuant to 28 U.S.C. § 1915A.

3. All other claims remaining against Defendants are cognizable.

IT IS SO ORDERED.

---

[5] Plaintiff alleges that Officer Jacobs did deliberate acts: "punch[ed], hit and push[ed], wrestled with, and otherwise assaulted and battered Plaintiff." (Compl. ¶ 10.) Plaintiff alleges that Officers Reeder, Baugh, Fletcher "aided and assisted" Officer Jacobs. (Compl. ¶ 15.) This Court finds this language impliedly establishes the requisite mind set to support a claim when viewed in a light most favorable to Plaintiff.

9

DATED: December 5, 2006

_____
MARTIN J. JENKINS
United States District Judge