**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

SHANE MORRISS,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

    Defendants.

No. CV 06-2471 VRW/NJV

**ORDER**

This matter was referred to the undersigned for settlement on February 15, 2008. A settlement conference was held on April 2, 2008, which was attended by the defendants, their counsel, Plaintiff, and his counsel. The case was settled on April 2, 2008 and dismissed on June 16, 2008 pursuant to the stipulation of the parties. The order of dismissal provided that the undersigned would retain jurisdiction "for six months, or longer if plaintiff moves for continued jurisdiction. This continued jurisdiction by Judge Vadas is only in connection with the Chief Medical Officer's review of plaintiff's medical record and recommended course of action for plaintiff's back pain, and not for any other reason." On April 29, 2009, Plaintiff filed a *pro se* "Notice of Breach of Settlement Agreement and Motion to Compel Compliance" (Docket No. 25.), and this matter was referred to the undersigned pursuant to the above-referenced order of dismissal.

On November 9, 2009 and February 23, 2010, status conferences were held in this matter and were attended telephonically by counsel for both sides. At the latter status conference, a hearing on the merits of the parties' dispute regarding compliance with the settlement agreement was scheduled for March 26, 2010 in San Francisco. The March 26, 2010 hearing was vacated after the defense submitted a number of declarations that purported to establish defendants' compliance with the settlement agreement. Rather than go forward with the evidentiary hearing, the Court held a telephonic status conference at which Plaintiff's counsel was ordered to respond to the declarations submitted by the defendants no later than May 24, 2010. To date, Plaintiff's counsel has filed no such response.

In the meantime, the Court has received a number of *ex parte* communications from Plaintiff, who according to the official record in this case is still represented by counsel. In that regard, Plaintiff's *ex parte* communications with the Court are improper, have not been reviewed by the Court, and have been either provided to Plaintiff's counsel (two letters dated March 14, 2010) or returned to Plaintiff (letters of April 7, 2010 and April 12, 2010). In the event that Plaintiff desires to continue to be represented by his present counsel in this matter, he must direct all inquiries, communications and filings to his counsel. Should Plaintiff desire to be relieved of counsel and proceed on his own behalf, he should indicate the same to his counsel who should seek leave of Court to withdraw from this representation. Regardless, Plaintiff is hereby ordered to stop sending *ex parte* communications to the Court.

From the declarations and documents supplied by CDCR and reviewed by the Court, it appears that defendants are in compliance with the settlement that was reached on April 2, 2008, such that no further action by the Court is warranted at this time.

**IT IS SO ORDERED.**

Dated: June 9, 2010

NANDOR J. VADAS
United States Magistrate Judge

2