1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                  EUREKA DIVISION

11

12    SHANE MORRISS,                           No. CV 06-2471 VRW/NJV

13              Plaintiff,                      **REPORT AND RECOMMENDATION RE
                                                PLAINTIFF'S REQUEST FOR TRIAL**
14       v.                                     **FOR BREACH OF CONTRACT AND
                                                REQUEST FOR JUDGMENT ON**
15    CALIFORNIA DEPARTMENT OF                  **BREACH OF CONTRACT**
      CORRECTIONS AND REHABILITATION, et
16    al.,                                      (Docs. 70, 71.)

17              Defendants.
                                    /
18

19          This is a civil rights action which was settled through a settlement conference held on April

20    8, 2008.  (Docket No. 22.)  Since that time, a controversy has arisen regarding Defendants'

21    compliance with the settlement agreement.  Pending before the undersigned for Report and

22    Recommendation are Plaintiff's Request for Trial for Breach of Contract of Settlement Agreement

23    and Request for Judgment on Breach of Contract.  (Docket Nos. 70, 71.)  As set forth below, the

24    undersigned  recommends that the Court DENY Plaintiff's motions.

25                                       **DISCUSSION**

26          The settlement agreement between the parties to this action provides in part as follows:

27          10.  The California Substance Abuse and Treatment Facility Chief Medical Officer
            will review Plaintiff's medical records as soon as possible and recommend a course of
28          action for Plaintiff's back pain.  Magistrate Judge Vadas will retain jurisdiction for six
            months, or longer if Plaintiff moves for continued jurisdiction.  This continued
            jurisdiction by Judge Vadas is only in connection with the Chief Medical Officer's

**United States District Court**
For the Northern District of California

review of Plaintiff's medical records and recommended course of action for Plaintiff's back pain, and not for any other reason.

Settlement Agreement, 4-5. The Court entered a Stipulation and Order of Dismissal in this case on June 16, 2008. (Docket No. 24.) That Stipulation and Order of Dismissal incorporated the above language.

On April 29, 2009, Plaintiff filed a motion to compel compliance with the settlement agreement. (Docket No. 25.) On November 8, 2010, Plaintiff filed another such motion. (Docket No. 40.) In response to those motions, the undersigned has repeatedly held status conferences with the parties regarding Defendants' compliance with the settlement agreement. (Docket Nos. 30, 58, 60, 67.) In his pending motions, Plaintiff now contends that Defendants have breached the settlement agreement by failing to provide the medical treatments recommended as the "course of action" by the physicians who examined him.

This action was closed on June 16, 2008, and the Court has retained jurisdiction to the limited extent set forth in the Stipulation and Order of Dismissal, i.e., "only in connection with the Chief Medical Officer's review of Plaintiff's medical records and recommended course of action for Plaintiff's back pain, and not for any other reason." Plaintiff now asserts a claim for breach of contract and seeks a trial regarding this claim. (Docket No. 70.) Further, he also seeks judgment on that claim pursuant to Rule 50(a), Federal Rules of Civil Procedure, which provides for judgment as a matter of law in a jury trial. (Docket No. 71.) District Judge Edward M. Chen referred these motions to the undersigned on February 10, 2012, for a Report and Recommendation to the Duty Judge. (Docket No. 72.)

Because the settlement agreement was made part of the Order of Dismissal, a breach of the settlement agreement would constitute a violation of the Order of Dismissal. Thus, this Court has ancillary jurisdiction to enforce the settlement agreement. *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 373, 380-81 (1994); *see also Holst v. Ridge*, 78 Fed.Appx. 580 (9th Cir. 2003) (where Court had not retained jurisdiction over the settlement agreement after dismissing the action in its entirety, plaintiff's only remedy was to bring a breach of contract action). Accordingly, the undersigned will recommend that the Court construe Plaintiff's pending motions as a motion to enforce the settlement agreement.

2

**United States District Court**
For the Northern District of California

1    As set forth above, the settlement entered into by the parties to this action provides that,

2   "[t]he California Substance Abuse and Treatment Facility Chief Medical Officer will review

3   Plaintiff's medical records as soon as possible and recommend a course of action for Plaintiff's back

4   pain."  Plaintiff concedes that this was accomplished, stating explicitly that a course of action was

5   specifically defined by Anthony Enermoh, M.D., Chief Medical Officer of the California Substance

6   Abuse Treatment Facility.  Plaintiff's Request for Trial for Breach of Contract of Settlement

7   Agreement, 1: 25-26.   Since this occurred, the Court has repeatedly attempted to reconcile the

8   differing views of the parties as to how Dr. Enermoh's recommended course of action regarding

9   Plaintiff's medical treatment was to be implemented.  Plaintiff has thus received not only received all

10  the benefits he is entitled to under the settlement agreement, but also has received much more in the

11  way of efforts by the Court and opposing Counsel to work out a treatment plan acceptable to

12  Plaintiff.

13    Such a treatment plan was agreed to by Plaintiff in the status conference of October 11, 2011.

14  (Docket No. 67.)  In that status conference, Plaintiff agreed to an examination by a physician

15  through the Receiver's Telemedicine Physical Medicine and Rehabilitation Clinic.  However,

16  Plaintiff effectively prevented the examination from occurring by delivering a speech to the

17  physician and then stating to him, "before you can be my doctor, you have to convince me that you

18  are doing a good job." (Docket No. 69.)  The physician informed Plaintiff that he did not have a

19  duty to perform such a task, and would not do so.  (*Id*.)  The physician agreed to Plaintiff's request to

20  end the doctor patient relationship.  *Id*.  Plaintiff thus thwarted the implementation of the treatment

21  plan he had agreed to.

22    In conclusion, the undersigned finds that Plaintiff has received much more than he was

23  entitled to under the settlement agreement, and any responsibility for the treatment program not

24  proceeding as agreed by the parties rests with Plaintiff.

25    Accordingly, IT IS HEREBY RECOMMENDED as follows:

26  1)    that the Court construe Plaintiff's pending motions as a motion to enforce the settlement

27  agreement; and

28  2)    that the Court DENY Plaintiff's motion to enforce the settlement agreement as meritless.

3

**United States District Court**
For the Northern District of California

1    In accordance with District Judge Chen's order, this Report and Recommendation is

2    submitted to Senior District Judge Charles R. Breyer, General Duty Judge for March 2012.

3    Any party may file objections to this Report and Recommendations with Senior District

4    Judge Breyer within fourteen (14) days after being served with a copy. *See* 28 U.S.C. §

5    636(b)(1)(B) & (C); Fed.R.Civ.Proc. 72(b); Civil L.R. 72-3. Failure to file objections within the

6    specified time may waive the right to appeal from the District Court's order.

7

8

9

10   Dated:  March 1, 2012

                                                                NANDOR J. VADAS
11                                                              United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SHANE MORRISS,

        Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,
et al.,

        Defendants.
_____/

No. CV 06-2471 VRW/NJV

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I am an employee of the U.S. District Court for the Northern District of California, and that on March 1, 2012, I SERVED a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Shane Morriss
J-53134
California State Prison-LAC
FCB5-149
P.O. Box 4610
Lancaster, CA 93539

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to Magistrate
Judge Nandor J. Vadas

Dated: March 1, 2012

United States District Court
For the Northern District of California